ATLANTIC CITY, DEFENDANT IN ERROR, v. MARY C. THORNHILL, PLAINTIFF IN ERROR.

Argued November 19, 1902—Decided March 2, 1903.

The evidence set forth in the record of conviction in this cause is legally incapable of sustaining the conclusion that the plaintiff in error sold beer or offered it for sale.

---

On error to the Supreme Court.

For the plaintiff in error, *George A. Bourgeois.*

For the defendant in error, *Godfrey & Godfrey.*

The opinion of the court was delivered by

DIXON, J. Before the recorder of Atlantic City the plaintiff in error was summarily convicted of selling and offering to sell and deliver brewed liquors in quantities of one quart or more without a license, in violation of a city ordinance,

and was fined $150. On *certiorari* the conviction was affirmed in the Supreme Court. The ordinance imposes a penalty on only those persons who sell or offer for sale, and the primary question suggested on examining the case is whether the evidence set out in the record of conviction affords legal support for the conclusion reached in the trial court.

The indisputable facts are that the plaintiff in error is one of the proprietors of a house in Atlantic City, called the Waldorf; that on the evening of August 27th, 1900, two detectives engaged a room in the house, and at nine fifty-five o'clock rang the bell for the bell boy; that on his appearance they ordered two bottles of beer, and the bell boy forthwith informed the plaintiff of the order; that after some hesitation and discussion with him she loaned the bell boy thirty cents, with which he went to a neighboring store and bought the beer, and that when he delivered it at the room the detectives paid him for it, and he returned to the plaintiff what he had borrowed; that shortly afterwards they rang again for the bell boy and ordered of him two more bottles, which he likewise bought at a neighboring store, using his own money in the purchase; that on delivering the beer to the detectives they handed him a $5 bill out of which to take payment; that on his application to the plaintiff she refused to change it, and the bell boy returned it to them, but the next morning, when paying the room rent, they paid also for the beer, and the price was at once turned over to the bell boy. Before the recorder the plaintiff testified that she never sold a bottle of beer in her life, never had any to sell.

The only legitimate conclusions from the facts above stated is that the seller of the beer was the proprietor of the neighboring store; that the detectives were the buyers directly from him, and that the bell boy was their agent in procuring the purchase. There is no evidence that in that transaction the bell boy was the plaintiff's agent; that the title to the beer was ever vested in her, or that she ever held herself out, or authorized any person to hold her out, as having beer for sale. The testimony was therefore incapable of sustaining the adjudication that she had sold the beer or offered it for sale.

The judgment of the Supreme Court and the conviction by the recorder should be reversed.

*For affirmance*—The Chancellor, Chief Justice, Van Syckel, Hendrickson, Pitney.     5.

*For reversal*—Dixon, Fort, Bogert, Vredenburgh, Voorhees, Vroom.     6.